

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DARRELL CROWDER,

    Plaintiff,

vs.

Warden GLENN RICH; Deputy Warden
R. D. COLLINS; Officer BYRD;
Officer JOHN DOE NO. 1, and
Officer JOHN DOE NO. 2,

    Defendants.

CIVIL ACTION NO.: CV605-088

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Telfair State Prison in Helena, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia. R. D. Collins and Glenn Rich ("Movants") filed Motions to Dismiss[1]. Plaintiff has responded. Movants each filed a Reply. For the reasons which follow, the Motions should be **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff, through counsel, asserts that he was "brutally beaten, kicked and brutalized in his face and about his body by the Defendants Byrd, Officer John Doe No. 1, and John Doe No. 2." (Compl., ¶ 6.) Plaintiff asserts that he filed a grievance after he was beaten and that Rich came to his cell and told him to drop the grievance. Plaintiff contends that

---

[1] Rich adopted the Motion and Reply filed by Collins, as well as the documentation in support thereof. (Doc. Nos. 5 and 11.) Plaintiff filed one Response to these Motions.

AO 72A
(Rev. 8/82)

he said he would not drop the grievance and was transferred the next day. Plaintiff avers that Movants, who were the Warden and Deputy Warden at Rogers State Prison, knew of and condoned the assaults of inmates by officers at Rogers State Prison.

Movants contend that Plaintiff fails to state a claim under 18 U.S.C. §§ 2340, et seq., and the Georgia Constitution. Movants also contend that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed. 2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769

---

[2] If a motion to dismiss for failure to state a claim upon which relief may be granted is filed pursuant to FED. R. CIV. P. 12(b)(6) and "matters outside the pleading are presented to and not excluded by the court", the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b). Plaintiff filed affidavits outside of the pleadings in this case, but these affidavits were excluded from the undersigned's analysis.

2

F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Movants assert that the Georgia Department of Corrections had a three-step grievance procedure in place at the time of this alleged incident. An inmate must have filed an informal grievance, and, if he were dissatisfied with the Warden's response, he could file a formal grievance. If the inmate remained dissatisfied, he could file an appeal with the

3

AO 72A
(Rev. 8/82)

Central Office in Atlanta. Movants contend that Plaintiff does not allege that he appealed the denial of the grievance he allegedly filed. Movants also contend that Plaintiff filed 16 grievances during his incarceration, and none of these grievances addressed allegations of abuse at Rogers State Prison in November 2003. (Doc. No. 4, p. 16.)

Plaintiff alleges that he filed a grievance two days after he was assaulted and that Rich came to his cell to ask him to drop the grievance. Plaintiff avers that he told Rich that he would not drop the grievance and "there was no need to keep on asking him to drop" it. (Doc. No. 8, pp. 1-2.) Plaintiff contends that he asked his counselor at Men's State Prison to check on this grievance after he was transferred. Plaintiff also contends that his counselor told him there was nothing he could do about a grievance concerning another prison. Plaintiff asserts that he was in a "no-win situation" because it was "common knowledge that if he pursued filing of grievances that he would likely be beaten again[,]even in another prison." (Doc. No. 8, p. 2.)

Movants allege that, even if what Plaintiff asserts is true, this does not excuse his failure to exhaust available administrative remedies. Movants aver that the Georgia Department of Corrections allowed an inmate to file an emergency grievance if he felt threatened by another inmate or staff member. Movants also aver that when an inmate filed an emergency grievance, necessary action was taken to protect the inmate, an investigation was conducted, and the inmate received a response within five days. Movants further aver that Plaintiff could have filed an out-of-time grievance once he was no longer at Rogers State Prison. Movants contend that the grievance form provided a space for an inmate to explain his tardiness in filing a grievance. (Doc. No. 9, pp. 1-2.)

4

According to the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001, grievance forms were to be filed within five (5) business days from the date the inmate discovered, or reasonably should have discovered, the incident giving rise to the complaint and was able to file the grievance. The Grievance Coordinator could waive this time limit for "good cause shown." (Ex. A, attached to Draper Aff., p. 6.) The inmate then had four (4) business days after his receipt of the Warden's response to file an appeal of the Warden's response. (Id. at 9.) In addition, SOP IIB05-0001 permitted an inmate to file with the Grievance Coordinator or senior staff member on duty an emergency grievance when an inmate faced "potential irreparable harm." (Id. at 11.) Finally, SOP IIB05-0001 allowed for the filing of a grievance at one facility concerning events which occurred at another facility. (Id. at 7.)

Sarah Draper, the Manager of the Office of Investigations and Compliance with the Georgia Department of Corrections, provided affidavits in support of the Motions to Dismiss. In her affidavits, Draper states that Plaintiff filed 16 grievances, none of which set forth that he was assaulted at Rogers State Prison in November 2003. (Doc. No. 4, Draper Aff., ¶ 13; Doc. No. 9, Ex. 1, ¶¶ 14 and 16.) Draper also states that Plaintiff failed to file an untimely or emergency grievance after he was transferred to Men's State Prison and then to the Augusta Transitional Center. (Doc. No. 9, Ex. 1, ¶ 14.) Draper further states that Plaintiff did not take the opportunity to explain why a grievance concerning the alleged assault in November 2003 was being untimely filed. (Id. at ¶ 15.)

A review of Plaintiff's "Inmate Grievance History" reveals that Plaintiff filed a grievance on May 22, 2003 (when he was presumably at Rogers State Prison), and another grievance on January 28, 2004, after he was transferred from Rogers State Prison

5

(Doc. No. 9, Ex. 2, p. 1.) There is no evidence before the Court that Plaintiff attempted to file either an out-of-time grievance or an emergency grievance after he was transferred from Rogers State Prison, both of which were available administrative remedies. The Court notes Plaintiff's assertion that it was "common knowledge" that an inmate who pursued grievances pertaining to events which occurred at Rogers State Prison would be subjected to assaults, even after being transferred to another facility. However, Plaintiff's assertion is belied by his other assertion that he in fact filed a grievance regarding this incident and refused to drop it after Rich allegedly asked him to do so. It does not appear that Plaintiff exhausted his available administrative remedies pertaining to the alleged assault in November 2003 prior to filing his Complaint.

It is unnecessary to address the remaining grounds of the Motions to Dismiss.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motions to Dismiss filed by Rich and Collins (Doc. Nos. 3 and 5) be **GRANTED**, and that Plaintiff's claims against Rich and Collins be **dismissed**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 12th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)