UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARRELL CROWDER,

    Plaintiff,

v.           605CV088

JOHN DOE, Officer No. 1;
and JOHN DOE, Officer No. 2,

    Defendants.

## ORDER

In this excessive-force, 42 U.S.C. § 1983 prisoner case, the Court dismissed, on administrative non-exhaustion grounds, plaintiff Darrell Crowder's claims against defendant "Officer Byrd."[1] Doc. ## 33, 37. Crowder appealed, doc. # 38, but the Eleventh Circuit dismissed because plaintiff failed to appeal a final Order. Doc. # 39 (the "John Doe" defendants remained).

Represented by counsel, plaintiff filed this case on 8/16/05 but has yet to serve either "John Doe" defendant. On 9/26/06, this Court directed plaintiff

> to amend his complaint to identify Defendants John Doe, Officer No. 1 and John Doe, Officer No. 2 within thirty (30) days of the date of this Order. If Plaintiff so amends his complaint, he must perfect service upon said Defendants within sixty (60) days of the date of this Order.

Doc. # 35. The Court warned plaintiff that his "failure to comply with this Order may result in the dismissal of [his] claims against said Defendants, without prejudice." *Id.*

The record shows that plaintiff has failed to comply, so under F.R.Civ.P. 41(b), this case is ***DISMISSED WITHOUT PREJUDICE.***

This 26 day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] This defendant's name is Micheal Byrd (not "Michael"). *See* doc. # 18 ("Defendant Micheal Byrd's Motion to Dismiss"). However, the plaintiff--as is often the case in inmate-civil rights cases -- evidently did not know Byrd's first name and thus sued him as "Officer Byrd." Though Byrd, as noted above, has since been dismissed from this case, doc. # 37, all of the filings in the record thus far have continued to carry him in the caption as "Officer Byrd" (the Court has updated the above caption by eliminating his name outright).

That leads the Court to another ministerial point: a caption that continues to read "Officer _____" is unacceptable. Courts need a complete name to enter a final judgment for or against individuals, so lawyers and judges should *promptly* amend captions and other case filings to reflect the *full* name of each party in a case. In that many prisoner cases bear such deficient appellations, the Court directs the Magistrate Judge (MJ) and counsel to be more diligent. Defense counsel thus should pause and ask their client "what is your full name?" then move the Court for leave to amend the caption accordingly. MJ's should nudge counsel who neglect to do this.